CLARENCE BAILEY v. FORD MOTOR COMPANY

5-4932                                                    440 S.W. 2d 238

Opinion Delivered May 12, 1969

*Alonzo D. Camp* for appellant.

*Griffin Smith* for appellee.

CONLEY BYRD, Justice.    Appellant Clarence Bailey through his trustee in bankruptcy brought this action against appellee Ford Motor Company upon the theory that Ford breached an implied warranty of fitness in the sale of a 1967 Ford automobile.    Ford generally denied all the allegations of the complaint and specifically set up a statutory disclaimer of liability for an implied warranty.    A jury found the issues in favor of Ford Motor Company.    On this appeal, appellant, pursuant to Ark. Stat. Ann. § 27-2127.2 (Repl. 1962), designates the following as the record on appeal:  (1) all pleadings, (2) all instructions, (3) all exceptions to instructions, (4) the judgment on the verdict, (5) notice of appeal, and (6) designation of record.    For reversal appellant relies upon the following points:

"1.  The Court erred in failing and refusing to submit the case to the jury on the implied warranty doctrine.

"2.  The Court erred in failing to void appellee's disclaimer.    Appellee should be estopped to now contend a disclaimer defense.

"3.  Appellee's disclaimer was not 'conspicuous'.

"4. Disclaimers, under the Uniform Commercial Code, are unconstitutional and void. Sec. 85-1-201 (10) of the Code is unconstitutional as a denial of due process and trial by jury. Disclaimers are inimical to the public good."

The Uniform Commercial Code, Ark. Stat. Ann. § 85-2-314 and § 85-2-316 (Add. 1961), provides:

"85-2-314. (1) Unless excluded or modified (Section 2-316 [§ 85-2-316]), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind...

"(2) Goods to be merchantable must be at least such as...

"(c) are fit for the ordinary purposes for which such goods are used;..."

"85-2-316... (2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'

"(3) Notwithstanding subsection (2)

"(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and..."

"(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade ..."

In addition to damage instructions, the trial court instructed the jury as follows:

"Plaintiff claims that he purchased a car manufactured by defendant and that it was not reasonably fit for ordinary usage. Plaintiff claims that defendant impliedly warranted or guaranteed the car as being reasonably fit for usage.

"Defendant claims that its warranty or guarantee specifically excluded any implied warranty and that it has observed the warranty fully.

"The warranty has been introduced in evidence.

"If you find that the written warranty was in effect at the time the plaintiff experienced difficulty, you are instructed that it does exclude any implied warranty of fitness and you may find for the defendant.

"If you find the warranty was not in effect, you may find for the plaintiff.

"In determining whether or not the written warranty and warranty disclaimer was in effect you may consider whether or not it was a part of the transaction and/or whether it was subsequently received and ratified by the plaintiff.

"You are instructed that by operation of law, a manufacturer of automobiles impliedly warrants or guarantees to a purchaser that the new automobile is 'fit for the ordinary purposes for which such automobile is to be used'; however, the law permits a seller to exclude or disclaim an implied warranty and defendant has properly excluded any implied

warranty by language in the warranty. The question for you to decide is whether the defendant's written warranty was in effect at the time of this transaction."

Two of the instructions requested by appellant and refused by the trial court are as follows:

"You are instructed that by operation of law, a manufacturer of automobiles impliedly warrants or guarantees to a purchaser that the new automobile is 'fit for the ordinary purposes for which such automobile is to be used.'

"You are instructed that under the law, a manufacturer has a legal right to modify or exclude altogether the statutory implied warranty of fitness of his product. To do so, however, the manufacturer must put its exclusionary language in writing, and the exclusionary language must be conspicuous."

POINT 1. In *Kimery* v. *Shockley*, 226 Ark. 437, 290 S.W. 2d 442 (1956), we had before us an abbreviated record. We there said, "When error appears in a record shortened without objection we are not to presume that the judgment is supported by the omitted matter, Ark. Stat. Ann. § 27-2127.6 (1947); but it goes without saying that when the abbreviated record is free from apparent error we cannot assume that the omitted matter would require a reversal of the judgment."

The abbreviated record here consists of only the complaint alleging an implied warranty, an answer specifically setting up a statutory disclaimer of the implied warranty, the instructions and the judgment incorporating the jury verdict. Since the instructions given by the court were permissible within the pleadings and are not inherently erroneous, there is no basis for us to say that the trial court erred in giving the instructions. For the same reason the appellant has failed to demonstrate

error on the part of the trial court in refusing the instructions requested by appellant.

POINT 2. Appellant argues that the Ford Motor Company should now be estopped to contend a disclaimer defense because Ford objected to the court's instructions on the basis that they did not permit the jury to determine whether the car was reasonably fit for use. We find this contention to be without merit. The objection is not inconsistent with Ford's theory of disclaimer. Furthermore, appellant made no such contention before the trial court.

POINT 3. Appellant argues that Ark. Stat. Ann. § 85-2-316 (Add. 1961) requires a manufacturer to use conspicuous print in its disclaimer as a prerequisite to avoiding the liabilities of an implied warranty. We find no error for several reasons. In the first place the alleged warranty or disclaimer was not designated as a part of the record. Although a booklet entitled "1967 Ford" and marked "defendant's exhibit 1" is attached to the record, the alleged disclaimer has not been abstracted. Further, Ark. Stat. Ann. § 85-2-316 provides that implied warranties are excluded by language or expressions which in common understanding call the buyer's attention to the exclusion of warranties and make plain that there is no implied warranty and that an implied warranty can also be excluded or modified by course of dealings or course of performance or usage of trade. Therefore we are unable to say that appellant has demonstrated error by the trial court in instructing the jury that the defendant had excluded any implied warranty by the language in the warranty.

POINT 4. Appellant argues that Ark. Stat. Ann. § 85-1-201 (10) (Add. 1961) is unconstitutional in that it deprived him of a jury trial on the fact issue of whether or not the provisions of the disclaimer were conspicuous. Appellant did not raise the constitutional issue in the trial court. Constitutional questions cannot be raised

956

for the first time on appeal. See *North Hills Memorial Gardens* v. *Simpson*, 238 Ark. 184, 381 S.W. 2d 462 (1964).

Affirmed.